53 CCPA
### Application of Kenneth R. MORRIS.
### Patent Appeal No. 7622.

United States Court of Customs
and Patent Appeals.
May 19, 1966.

Keith D. Beecher, Los Angeles, Cal., for appellant.

J. Schimmel, Washington, D. C. (L. F. Parker, Washington, D. C. of counsel), for Commissioner of Patents.

Before RICH, Acting Chief Judge, MARTIN, SMITH, and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.*

MARTIN, Judge.

This is an appeal from decisions of the Board of Appeals rejecting,[1] as obvious variations of certain prior art, claims 4, 5, 7, 9 and 10 in appellant's application serial No. 192,934, filed May 7, 1962 for "Pipe Support." Three claims stand al-

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Chief Judge WORLEY, pursuant to provisions of Section 294(d), Title 28, United States Code.

lowed by the examiner. There is no appeal as to claims 1–3 reproduced in the record.

The invention is adequately depicted by Fig. 2 of the application and representative claims 4 and 5 (with appropriate reference numerals added):

4. A pipe support comprising an elongated body portion in the form of a cylindrical-shaped concrete-anchor shell [24] symmetrical about a longitudinal axis, and a head portion [generally 18] formed integral with said body portion at one end thereof and having a threaded aperture formed therein extending transversely to the longitudinal axis of said body portion.

5. A pipe supporting assembly [12] including: a support member having

1. The board made the rejections discussed herein under the provisions of Rule 196 (b), adhered to on reconsideration.

658

an elongated body portion [24] adapted to be supported in a supporting structure [14] on a horizontal axis, and a head portion [generally 18] formed integral with said body portion at one end thereof and having a threaded aperture therein [26] extending transversely to the axis of said body portion to be vertically disposed; a threaded rod [13] extending into said aperture in said head portion in threaded engagement therewith to extend vertically down from said head portion; and a ring-shaped pipe [10]—supporting bracket [15] pivotally mounted at the lower end of said threaded rod.

As can be seen from a comparison of Fig. 2 with the claims, claim 4 is directed to the sub-combination of a concrete anchor 24 having an apertured head 18, and claim 5 includes that in combination with a support rod 13 and pipe support bracket 15. Claim 7 further defines the pipe support bracket as being ring-shaped, claim 9 calls for a threaded stud-like body (e. g., a bolt) and nut as the anchor portion for use with stringers or steel I-beams that can be drilled to accept the anchoring bolt and nut, and claim 10 defines a hollow-type anchor portion.

The references relied on for rejections based on 35 U.S.C. § 103 are:

Loepsinger 1,077,727 Nov. 4, 1913
Phillips 1,996,121 Apr. 2, 1935
Chuck 2,947,022 Aug. 2, 1960

Knight's Mechanical Dictionary, Vol. 1, (1874) pp. 322 and 323. J. B. Ford & Company, New York N. Y.

Claim 4 was held by the board to be unpatentable over Knight's Mechanical Dictionary in view of Phillips. Item 6 of Knight's Fig. 768 on page 322, is stated therein to show "two views of an *eye*-bolt * * *." Item 7 "is a *lewis*-bolt whose barbed shank *i* is surrounded by lead *k* poured into the under-cut mortise in the block *f*." Phillips discloses a cylindrical anchoring shell that is adapted to drill its own hole in masonry. In one embodiment it has a threaded projecting end of a bolt that "provides means for fastening a variety of devices to the wall such, for example, as the usual wall pictures, pipe hangers and the 'like." In another embodiment the interior tubular shell as embedded in the wall is "threaded for a substantial portion of its length"; and thus "is adapted for fastening bolts thereon in a manner to suspend a variety of wall devices therefrom." The Knight and Phillips devices are depicted thus:

Knight's Fig. 768

Phillips Fig. 4

It will be noted that item 6 of Knight differs from the device of claim 4 in two respects, viz., the requirements (1) that the aperture in the head portion be threaded and (2) that the body portion be "in the form of a cylindrical-shaped concrete-anchor shell." As to the first, the Knight drawing is somewhat unclear whether the aperture is threaded, but we think it common practice and common sense to thread such an eye to permit a more secure fastening than a sleeve fit and also to permit the adjustment. As to the second, the cylindrical shell anchor of

Phillips is the full equivalent of the tapered lead filled wall mounting of Knight's item 7. In view of Phillip's teaching of the adaptability of his cylindrical anchors for pipe hangers, we think the claimed differences are not such that the sub-combination anchor-plus-head invention as a whole, as defined in claim 4, is a non-obvious variation of the devices of Knight and Phillips.

Claims 5, 7 and 9 were rejected by the board over Knight as discussed above in view of Loepsinger who shows a pipe-hanger for use on a vertical wall:

**Fig. 4**

We agree with the board that it would be obvious to secure a rod carrying a pipe support loop, as Loepsinger's elements 5 and 7 of Fig. 4, to the aperture of the eye-bolt in Knight.

Claim 10 was rejected by the board as unpatentable over Knight in view of Loepsinger and the Chuck patent. As was noted above, that claim has, in addition to the features of the other claims already discussed, "a support member [anchor portion] having an internally fitted body portion * * *." Chuck is directed to decorative hardware for drawers, doors, and other furniture. Shown in detail is a decorative pulling handle 6 that is attached to a vertical member by an internally threaded tubular member 8 into which a securing screw or bolt 10 is threaded:

We think the board was correct in viewing the claimed difference as not rendering the invention as a whole non-obvious over Knight and Loepsinger in view of

the Chuck disclosure of conventional internally threaded anchor bodies.

We do not find convincing appellant's argument that the rejection was based on a hindsight building up of the invention from unrelated items of the prior art. Rather, we think the use of various types of anchors in a basically ordinary pipe hanger design to be an entirely conventional use of available mechanical elements. We note again that the Phillips anchor is specifically described as useful with pipe hangers. We have also considered appellant's affidavit relating to the sale, in 1962, of over 38,000 units of devices shown in Figures 3, 4 and 5 of appellant's application. However significant that commercial success may be, it relates to embodiments not covered by the claims on appeal.

For the foregoing reasons the decisions of the board rejecting claims 4, 5, 7, 9 and 10 are affirmed.

Affirmed.

SMITH, Judge, concurs in the result.